IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JASON T. DOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 1:18-cv-1170-STA-egb |
| ) | |
| JACKSON MADISON COUNTY SCHOOL ) | |
| SYSTEM, ET AL., ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

On September 4, 2018, Plaintiff Jason T. Dover, resident of Humboldt, Tennessee, filed a *pro se* complaint, along with an application to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The motion to proceed *in forma pauperis* did not provide the Court with sufficient financial information to determine if the Plaintiff is unable to pay the civil filing fee. Consequently, on September 6, 2018, the Court ORDERED Plaintiff to either submit a properly completed application to proceed *in forma pauperis* on the court's form or pay the $400 civil filing fee within thirty (30) days (D.E. 7). Plaintiff was warned that "[f]ailure to comply with this order in a timely manner will result in the dismissal of the action without further notice, pursuant to Fed.R.Civ.P.41(b), for failure to prosecute. Approximately four (4) plus months have passed and Plaintiff has not complied with the Order.

Rule 41(b) permits dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Four factors are generally relevant to the Court's consideration under the Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*United States v. $506,069.09 Seized from First Merit Bank*, 664 F. App'x 422, 427 (6th Cir. 2016) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 703-04 (6th Cir. 2013)), *cert. denied*, 137 S. Ct. 2249 (2017). Under the first consideration, a party seeking to avoid dismissal must show his failure to comply with the orders of the court was the result of inability to comply, not willfulness or bad faith. *Atwater v. Bank of N.Y. Mellon Trust Co., N.A.*, 586 F. App'x 222, 222-23 (6th Cir. 2014) (per curiam). Here, Plaintiff did not respond, thus, no such showing has been made. For the second factor, Defendants were unaware of the lawsuit, therefore, it does not appear there was any prejudice. Prior notice in accordance with the third factor "is a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Prime Finish, LLC v. ITW Deltar IPAC*, 608 F. App'x 310, 315 (6th Cir. 2015) (quoting *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)) (alterations omitted). In this case, Plaintiff was clearly warned that failure to respond would result in dismissal. *See Atwater*, 586 F. App'x at 223 (third factor shown where plaintiff was warned in a show cause order that failure to respond would result in dismissal). While courts are not required to always articulate their considerations of lesser sanctions under the fourth factor, *id.*, the Magistrate Judge can conceive of no lesser sanction it could impose on Plaintiff that would move this matter forward. Accordingly, the four factors support dismissal under Rule 41(b). See *Fuller v. Gerth*, 468 F. App'x 587, 588 (6th Cir. 2012) (per curiam) (district court's dismissal of case upheld where plaintiff simply ignored court order after being warned a failure to comply risked dismissal of his complaint).

## **CONCLUSION**

      For all these reasons, the Magistrate Judge recommends that this Court dismiss Plaintiff's Complaint pursuant to Rule 41(b).

Respectfully Submitted this 25th day of January, 2019.

                                  **s/Edward G. Bryant**
                                  UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**